UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREA SHERWOOD,

    Plaintiff,

v.                                       Case No.: 5:22-cv-00419-JSM-PRL

CELEBRITY'S MANAGEMENT COMPANY, LLC
FREDERICK JACOBS
TAJA JACOBS

    Defendants.
_____/

**DEFENDANTS' PARTIALLY UNOPPOSED MOTION TO DISMISS COMPLAINT OR ALTERNATIVELY MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE PARAGRAPHS 22 AND 24**

Defendants Celebrity's Management Company, LLC, Frederick Jacobs, and Taja Jacobs (collectively "Celebrity") file this Motion to Dismiss Plaintiff's Complaint (Doc. 1) per Federal Rule of Civil Procedure 12(b)(6), or alternatively Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), and Motion to Strike Paragraphs 22 and 24, per Federal Rule of Civil Procedure 12(f).

In short, Plaintiff alleges she was terminated from employment with Celebrity for lodging an internal Fair Labor Standards Act (FLSA) complaint. The Complaint fails to state sufficient law and facts to properly plead a FLSA retaliation claim. For instance, the statute Plaintiff alleges was violated, 29 U.S.C.

1

§203(a)(3), does not exist. Presumably, Plaintiff intended to reference 29 U.S.C. §215(a)(3), the "retaliation statute," but did not. Also, Plaintiff alleges that she was hired on or about August 27, 2022, but was terminated on or about November 17, 2021. (Doc. 1, ¶ 9, 21). And, Plaintiff's allegations in Paragraphs 22 and 24, are not germane to the FLSA claim. On these allegations, Plaintiff is not entitled to relief.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On September 19, 2022, Plaintiff filed her single-count Complaint for FLSA retaliatory termination. (Doc. 1). Per the Complaint, on or about August 27, 2022, Plaintiff was hired as a waitress making $7.00 per hour. (*Id.* at ¶ 9). After receiving her first two paychecks, Plaintiff claims that she noticed discrepancies in pay received versus hours worked. (*Id.* at ¶¶ 12-13). Other than notifying the General Manager about the alleged discrepancy, Plaintiff's does not include any details describing the proper amount owed to her. (*See id.* at ¶ 13).

Plaintiff was later promoted and offered a shift lead position with a pay raise to $10.00 per hour, to which she accepted. (*Id.* at ¶ 16). Plaintiff alleges she attended weekly mandatory meetings and trainings, for which she was allegedly not paid. (*Id.* at ¶ 19). Approximately one week prior to her termination, Plaintiff claims that she approached Ms. Dee Dixon in Human Resources and complained

---

[1] The following section is a recitation of the facts as alleged in Plaintiff's Complaint. Celebrity does not admit to the veracity of same.

about an alleged FLSA violation. (*Id.* at ¶ 20).

Plaintiff further alleges that on or around November 17, 2021, Ms. Dixon terminated her in retaliation for her inquiry and FLSA complaint. (*Id.* at ¶ 21). Thereafter, on or around November 19, 2021, Plaintiff received, what she alleges to be, only partial payment for her purported unpaid overtime. (*Id.* at ¶ 23). She contends that on or around December 31, 2021, she received her unpaid management wages. *Id.*

Based upon the foregoing allegations, Plaintiff alleges only one claim – that Celebrity violated the FLSA, specifically a claim for retaliation, under 29 U.S.C. § 203(a)(3).[2]

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The defendant bears the burden of showing that no claim has been stated upon which relief can

---

[2] Plaintiff further alleges Defendant Frederick Jacobs offered Plaintiff another position after she was terminated if her "'head game' was good." (Doc. 1, ¶ 22). She also alleges that she received a cease-and-desist letter after her termination. (Doc. 1, ¶ 24). These two allegations are not related to a FLSA retaliation claim.

be granted.  Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (citation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.

"Threadbare" allegations and "the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to survive a motion to dismiss – the plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id* (citation omitted).  When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  *Id.* at 679 (citation omitted).

A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ."  *Twombly,* 550 U.S. at 558 (citation omitted).  When resolving a motion to dismiss, the Court evaluates the pleadings by "accepting all well-pleaded facts

as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).  While courts accept well-pleaded facts as true, specific facts are still required to avoid a motion to dismiss. *Iqbal,* 556 U.S. at 678–79.  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.  This is equally true of "a legal conclusion couched as a factual allegation." *Id.*  (quoting *Twombly,* 550 U.S. at 555).  Rather, allegations must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (holding that courts cannot "accept as true conclusory allegations or unwarranted deductions of fact" (citation omitted)).

Alternatively, a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e).  A motion for more definite statement is proper where the defendant cannot fairly respond to the allegations presented. *See e.g., Anderson v. District Bd. of Trustees of Cent. Fla. Comm. College*, 77 F.3d 364, 367-68 (11th Cir. 1996).

### III. ARGUMENT

Because Plaintiff's claimed statutory violation for FLSA retaliation does not exist, this Motion to Dismiss should be granted.  Even if Plaintiff had proceeded under 29 U.S.C. §215(a)(3), this Motion to Dismiss or alternatively for More

Definite Statement should be granted. Further, Paragraphs 22 and 24 of the Complaint are not germane to a FLSA retaliation claim and should be stricken.

### A. *Plaintiff's Complaint should be dismissed, because she fails to cite relevant law supporting her retaliation claim and fails to demonstrate causation under the presumed intended statute.*

Plaintiff's Complaint alleges Celebrity violated "29 U.S.C. §203(a)(3)," when it terminated Plaintiff's employment and retaliated against her for her internal FLSA complaint. (Doc. 1, ¶ 28). However, "29 U.S.C. §203(a)(3)" is not a valid statute; therefore, it cannot be a plausible basis for relief. Even presuming Plaintiff intended to rely on 29 U.S.C. §215(a)(3), the "retaliation statute," her Complaint does not plead sufficient facts demonstrating causation, thus, dismissal of the Complaint as a matter of law is proper.

The FLSA prohibits any person from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding . . . or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.]" 29 U.S.C. § 215(a)(3). For purposes of a FLSA retaliation claim, Plaintiff must plead facts in support of the following *prima facie* elements: (1) she participated in a protected activity known to the defendant; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Wigley v.*

*Western Florida Lighting, Inc.*, No. 8:04-cv-1524-T-27TGW, 2005 WL 3312319, at * 13 (M.D. Fla. Dec. 7, 2005) (citation omitted).  To satisfy the causation element, the protected activity must be the "but for" cause of the adverse employment action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1343 (11th Cir. 2000).  In other words, Plaintiff must demonstrate the protected expression and adverse employment action are "not wholly unrelated."  *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) (citation omitted).

Here, Plaintiff's alleges that she was hired on August 27, 2022 (Doc. 1, ¶ 9); yet she was purportedly terminated on November 17, 2021 (Doc. 1, at ¶ 21).  These allegations are illogical and wholly unrelated, as Plaintiff cannot demonstrate causation when she was hired *after* she was terminated.  Similarly, Plaintiff's hiring date of August 27, 2022, is *after* the date of her purported protection expression (occurring one week before her termination) and her termination date on November 17, 2021.  Plaintiff's allegations are implausible.

Because Plaintiff fails to cite relevant law to support her retaliation claim and fails to demonstrate causation under the presumed intended statute, Plaintiff's Complaint should be dismissed per Rule 12(b)(6).

### B. *Alternatively, Defendants' Motion for a More Definite Statement should be granted based on Plaintiff's vague, contradictory allegations.*

As expressed above, Plaintiff's Complaint references an alleged violation of

"29 U.S.C. §203(a)(3)," a statute that does not exist in support of her only claim. (Doc. 1, ¶ 28). As a result, Celebrity cannot properly prepare a response. Additionally, Plaintiff's Complaint is riddled with inconsistencies and contradictions that do not accurately reflect the relevant timeline of Plaintiff's employment. Plaintiff also pleads, in conclusory style, a "discrepancy" in her pay; however, fails to describe what amounts she believes she is entitled. (*Id.* at ¶¶ 12, 13, 18, 19, 20, 23). Lastly, the Complaint is unclear whether Plaintiff engaged in one or more protected expressions underlying the purported FLSA retaliation claim. (*Id.* at ¶¶ 26-27).

For these reasons, the Court should grant this Motion for More Definite Statement per Rule 12(e).

### C. Plaintiff's Allegations in Paragraphs 22 and 24 are not Germane to her Claims and should be Stricken.

The allegations contained in Paragraphs 22 of 24 of the Complaint are not related to Plaintiff's claim of FLSA retaliation; thus, they should be stricken. Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is proper "if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Hutchings v. Federal Ins. Co.*, No. 6:08-cv-305-Orl-

19KRS, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008) (internal citations omitted).

Plaintiff's allegations in Paragraph 22, regarding a suggestion by Defendant Jacobs of a different position if Plaintiff's "'head game' was good" does not relate to Plaintiff's supposed entitlement to additional wages; and, this alleged exchange occurred after Plaintiff's termination. (Doc. 1, ¶ 22). In addition, the alleged cease-and-desist letter regarding post-termination text messages have no bearing on Plaintiff claimed entitlement to wages.

Accordingly, the Court should grant this Motion and strike Paragraphs 22 and 24 as scandalous, immaterial and impertinent per Rule 12(f).

## IV. CONCLUSION

Based upon the foregoing, Celebrity respectfully request this Court dismiss Plaintiff's Complaint per Rule 12(b)(6), because Plaintiff has failed to state a plausible FLSA Retaliation claim. Alternatively, Celebrity respectfully requests this Court grant their Motion for a more definite statement pursuant to Rule 12(e), requiring Plaintiff file an amended complaint. Finally, Celebrity asks the Court to strike Paragraphs 22 and 24 of Plaintiff's Complaint per Rule 12(f), because these allegations have no bearing on Plaintiff's claimed entitlement to wages.

## LOCAL RULE 3.01(g) CERTIFICATION

On November 11 and 14, 2022, undersigned counsel exchanged email correspondence with Plaintiff's counsel regarding Plaintiff's position on this

Motion. In addition, on November 14, 2022, counsel for the parties spoke by phone. Plaintiff's counsel advised that he agrees there are typographical errors as to the retaliation statute and date of hire and has agreed to correct these errors in an amended complaint. At this time, Plaintiff's counsel does not agree to the arguments made in the Motion to Strike.

Dated this 14th day of November 2022.

>Respectfully submitted,
>
>SPIRE LAW, PLLC
>2572 W. State Road 426, Suite 2088
>Oviedo, Florida 32765
>
>By:   */s/ Jamie L. White, Bar No. 100018, for Jesse Unruh*
>Jesse Unruh, Esquire
>Florida Bar # 93121
>jesse@spirelawfirm.com
>marcela@spirelawfirm.com
>filings@spirelawfirm.com
>Attorney for Defendants

## Certificate of Service

I hereby Certify that on this 14th day of November 2022, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Frederick C. Morello, Esquire, Law Offices of FREDERICK C. MORELLO, P.A., Primary Email: live2freefly@gmail.com; kristina@fcmesq.com; amber@fcmesq.com; adminasst@fcmesq.com.

                                        */s/ Jamie L. White*
                                        Attorney