UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDREA SHERWOOD,

    Plaintiff,

v.                                                     Case No.: 5:22-cv-00419-JSM-PRL

CELEBRITY'S MANAGEMENT COMPANY, LLC
FREDERICK JACOBS
TAJA JACOBS

    Defendants.
_____/

## JOINT MOTION FOR LEAVE TO CONDUCT SETTLEMENT CONFERENCE REMOTELY AND INCORPORATED MEMORANDUM OF LAW

The Parties, Defendant Celebrity's Management Company, LLC, Frederick Jacobs and Taja Jacobs (collectively "Defendants") and Andrea Sherwood ("Plaintiff"), by and through their respective counsel, ask this Court to grant this Motion and permit the Parties to conduct the required settlement conference remotely. Per the Court's Scheduling Order, counsel for the Parties are required to meet "in person in a good faith effort to settle all pending issues . . . ." (Doc. 24, at ¶ 3) (emphasis added).

The Court's Scheduling Order provides that: "Either party, for good cause shown, may move to alter this schedule should the circumstances so warrant." (Doc. 24, at ¶ 8). "'Good cause' is a well-established legal phrase." *Larweth v.*

*Magellan Health, Inc.*, No. 6:18-cv-823-Orl-41DCI, 2019 U.S. Dist. LEXIS 23720, at *32 (M.D. Fla. July 16, 2019).  Indeed, "[a]lthough difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *Id.* (citation omitted).

There is good cause for the Parties to conduct the settlement conference remotely.  The instant matter is a dispute concerning "retaliatory termination" not unpaid wages.  *See generally* Doc. 20.  The cost and expense of travel by both counsel to attend an in-person settlement conference may affect any potential settlement value as attorneys' fees and costs will increase.  Further, counsel for the Parties have worked together pre-suit and have established a good working relationship in this matter thus far.  Counsel affirmatively state that the settlement potential of this matter will not, at all, be impacted by conducting the settlement conference remotely.

Based on the foregoing good cause, the Parties request that the Court enter an order, granting this Motion and permitting counsel to conduct the settlement conference remotely.

DATED this 22nd day of February, 2023.

Respectfully submitted,

| | |
|---|---|
| */s/ Jamie L. White* | */s/ Frederick C. Morello* |
| Jamie L. White, Esq. | Frederick C. Morello, Esquire |
| Florida Bar No. 100018 | Florida Bar No.: 0714933 |
| SPIRE LAW, LLC | FREDERICK C. MORELLO, P.A |
| 2752 W. State Road 426, Suite 2088 | 111 N. Frederick Avenue, 2nd Floor |
| Oviedo, Florida 32765 | Daytona Beach, Florida 32114 |
| Telephone: (407) 494-0135 | Telephone: (386)252-0754 |
| Email: jamie@spirelawfirm.com | Email: live2freefly@gmail.com |
| marcela@spirelawfirm.com | amber@fcmesq.com, |
| filings@spirelawfirm.com | adminasst@fcmesq.com |
| | |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby Certify that on this 22nd day of February, 2023, the foregoing was electronically filed with the Court by using the CM/ECF portal, which will send a notice of electronic filing to all counsel of record.

*/s/ Jamie L. White*
Attorney

3