UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDREA SHERWOOD,

     Plaintiff,

v.                              Case No.: 5:22-cv-00419-JSM-PRL

CELEBRITY'S MANAGEMENT COMPANY, LLC
FREDERICK JACOBS
TAJA JACOBS

     Defendants.

_____/

## DEFENDANTS' SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME TO COMPLETE MEDIATION

     Defendants Celebrity's Management Company, LLC, Frederick Jacobs and Taja Jacobs ("Defendants"), by and through their undersigned counsel, respectfully request that this Court extend the deadline to complete mediation, through and including September 30, 2023.

     As a matter of background, pursuant to this Court's FLSA Scheduling Order (Doc. 24) and the Parties Third Supplemental Joint Report Regarding Settlement (Doc. 36), the Court ordered the Parties to mediate this matter on or before July 31, 2023 (Doc 37).  Defendants filed an Unopposed Motion for Extension of Time to Complete Mediation (Doc 41). The Court extended the deadline to mediate to August 31, 2023 (Doc 42). Accordingly, mediation was scheduled for August 23,

2023.  (Doc 43).

Scheduling of this matter has become complicated due to Frederick Jacobs suffering a stroke earlier this year. This has required the focus of both of the individually named parties and interrupted the business as well as the Defendants timeframes in which to address this case. Yesterday, on August 21, 2023, Defendant Frederick Jacobs was involved in an automobile accident. Based on the descriptions of his experience, his primary care physician has indicated the cause may be related after-effects of his stroke. Frederick Jacobs' primary care physician has recommended that he be evaluated by his neurologist as soon as possible. Mr. and Mrs. Jacobs are focused on obtaining medical evaluation and treatment and cannot attend the previously scheduled mediation set for August 23, 2023.

Accordingly, the Defendants respectfully request that they be permitted to undertake the anticipated mediation in this matter on or before September 30, 2023.

The Parties attempted to reschedule the mediation within the current deadline, however, Plaintiff's counsel has pre-existing travel commitments which preclude re-setting the mediation within the current deadline. Mediator Christine Harter has been informed of the events of yesterday and is aware the parties will be working to reset the mediation.

www.spirelawfirm.com

Federal Rule of Civil Procedure 6(b)(1) provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect . . . ." Fed. R. Civ. P. 6(b)(1)(B). " 'Good cause' is a well-established legal phrase." *Larweth v. Magellan Health, Inc.*, No. 6:18-cv-823-Orl-41DCI, 2019 U.S. Dist. LEXIS 237206, at *32 (M.D. Fla. July 16, 2019). "Although difficult to define in absolute terms, [good cause] generally signifies a sound basis or legitimate need to take judicial action." *Id.* (citation omitted). Moreover, "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

Defendants' request for an extension of the deadline to mediate this matter is made in good faith and does not prejudice Plaintiff. Plaintiff does not oppose the continuance of this mediation and the parties are currently coordinating a new date with Mediator Christine Harter, Esquire.

Based on the foregoing good cause and the Court's inherent authority to manage its docket, Defendants request that the Court enter an order, granting this Motion and extending the deadline for the Parties to complete mediation through and including September 30, 2023.

www.spirelawfirm.com

## Local Rule 3.01(g) Certification

Defendants counsel conferred with Plaintiff's counsel regarding this Motion.  Plaintiff's counsel has no objection to the relief requested.

Dated this  22nd day of August, 2023.

Respectfully submitted,

SPIRE LAW, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

*/s/ Jesse I. Unruh*
Jesse I. Unruh, Esq.
Florida Bar No. 93121
jesse@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for Defendants*

## Certificate of Service

I hereby Certify that on this 22nd day of August, 2023., the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Frederick C. Morello, Esquire, Law Offices of FREDERICK C. MORELLO, P.A., Primary Email: live2freefly@gmail.com; kristina@fcmesq.com; amber@fcmesq.com; adminasst@fcmesq.com; and Christine Harter, Esq., Mediator, 1396 NE 2Oth Ave., #500, Ocala, FL 34470; christine@mdrcfl.com.

*/s/ Jesse Unruh*
*Attorney*

4